WO

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Home Loan Mortgage Corporation, its assignees and/or successors,<br><br>    Plaintiff,<br><br>vs.<br><br>Katherine D. Worden and John Doe Worden, wife and husband, and Does 1-10, inclusive,<br><br>    Defendants. | No. CV-10-535-PHX-GMS<br><br>**ORDER** |

The present action was improperly removed and the Court lacks subject-matter jurisdiction over it. Accordingly, the Court remands this case to Maricopa County Superior Court.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over those matters specifically authorized by Congress or the Constitution. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). As the proponent of the Court's jurisdiction, the removing defendant bears the burden of establishing it. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

Although the Notice of Removal states that a claim in the present action arises under federal law, a review of the complaint reveals that it is a straightforward forcible detainer, otherwise known as an eviction action. And while it appears that Defendant Katherine D. Worden ("Defendant") may assert a federal defense based on due process, the assertion of

a federal defense to a state-law claim does not convert the state-law claim into one "arising under" federal law for purposes of federal question jurisdiction. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (discussing the "well-pleaded complaint rule"). Therefore, the Court has no federal question jurisdiction. *See* 28 U.S.C. § 1331 (conferring on federal courts subject-matter jurisdiction over cases arising under federal law).

To the extent that the Notice of Removal purports to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332, the requirements for diversity jurisdiction are also not satisfied. In order to invoke the Court's diversity jurisdiction, a defendant must show both that he and plaintiff are not residents of the same state, and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332 (setting forth requirements for diversity jurisdiction). In addition, even when there is diversity between the parties, a federal court may not exercise jurisdiction where the moving defendant is a resident of the forum state. 28 U.S.C. § 1441(b). Here, the Court need not decide whether there is diversity between the parties or whether the amount in controversy requirement is met as Defendant reports his address as the property at issue in this action (located in Cave Creek, Arizona); thus, she is clearly a forum defendant who may not remove a state-court action. *See id.*

In the absence of subject-matter jurisdiction, this Court is empowered to *sua sponte* order summary remand. *See* 28 U.S.C. § 1446(c)(4) (requiring district courts to examine notices of removal and their exhibits and authorizing summary remand in appropriate circumstances); 28 U.S.C. § 1447(c) (requiring district courts to remand cases if it appears, at any time before final judgment is entered, that the court lacks subject-matter jurisdiction).

**IT IS THEREFORE ORDERED** directing the Clerk of the Court **REMAND** this action back to Maricopa County Superior Court.

DATED this 11th day of March, 2010.

_____
G. Murray Snow
United States District Judge